UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA** } | |
| } | |
| **v.** } | 1:21-cr-00088-PB |
| } | |
| **COREY DONOVAN** } | |

### DEFENDANT'S MOTION TO GRANT A KEY DEFENSE WITNESS, KELLEY FINNIGAN, WITH IMMUNITY

NOW COMES the defendant, Corey Donovan, by and through counsel, and requests this Honorable Court grant Kelley Finnigan immunity to testify at trial in this matter. In support of this, it is alleged as follows:

1. The defendant, Corey Donovan, is presumed innocent and has asserted his innocence throughout this process. He is charged with one count of possession of a firearm/ammunition by a prohibited person contrary to 18 U.S.C. §§922(g)(1). Specifically, the indictment alleges, on or about March 26, 2021, Corey Donovan, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce, the following firearm and ammunition: a Mossberg Model 500, 20 gauge shotgun, […]four rounds of Brenneke 20 gauge shotgun ammunition, seventy-one rounds of Federal 20 gauge shotgun ammunition; forty-eight rounds of Federal 28 gauge shotgun ammunition; eight rounds of Huntego 20 gauge shotgun ammunition; four rounds of Remington 12 gauge shotgun ammunition; and one casing of Federal .357 Magnum caliber ammunition.

2. The indictment is a result of the fruits of a search of the defendant's property where the defendant resides with his girlfriend, Kelley Finnigan.

3. The firearm at issue, a Mossberg Model 500, 20-gauge shotgun, was seized from inside a Jeep Wrangler during the execution of the extension of a search warrant[1] on March 26, 2021.

4. On March 31, 2021, ATF Special Agent James Martin received a telephone call from Kelley Finnigan. Ms. Finnigan said she wanted to claim an item seized at her property. *See attached* Defendant's Exhibit P, REPORT OF INVESTIGATION (Investigation No: 762095-21-0046, Report No. 12). Special Agent Martin reported he asked Ms. Finnigan to provide details about the item or items of the seizure. *Id*. Ms. Finnigan asked S/A Martin to hold on. *Id*. After several seconds, Ms. Finnigan said the item was a .20 gauge shotgun. *Id*. Ms. Finnigan also said she may be looking for an Officer John. *Id*. S/A Martin asked if Ms. Finnigan could provide the manufacturer information or any other details. *Id*. Again, Ms. Finnigan paused for several seconds. Id. Ms. Finnigan then said she would have to look at the paperwork. *Id*. S/A Martin reviewed the caller identification option on the phone and observed that the caller information showed the call came from Kelley Finnigan [telephone number redacted]. *Id*. The duration of the call was 1 minute and 57 seconds. *Id*.

5. On April 26, 2021, Attorney Donald Kennedy was appointed to represent Kelley Finnigan as stand by counsel to ensure her rights were protected given her involvement. *See* Docket No. 1:07-cr-00130-SM(Where Donovan is charged with violations of his supervised release under these same facts).

6. A search warrant for Kelley Finnigan's DNA was authorized on September 28, 2021. *See* Docket No. 1:21-mj-00256-AJ. The Government intends to compare this DNA against that allegedly found on the shotgun.

7. To sustain a conviction under 18 U.S.C. § 922(g)(1) the government has to prove beyond

---

[1] Defendant challenges the warrant extension in a separate motion.

a reasonable doubt that the defendant: 1) was a convicted felon; and 2) knowingly possessed a firearm; 2) knowingly possessed a firearm; 3) in circumstances that implicated interstate commerce. Williams, 717 F.3d at 38 (citing United States v. Staula, 80 F.3d 596, 604 (1st Cir.1996))." United States v. Guzman-Montanez, 756 F.3d 1, 8 (1st Cir. 2014)

8. Here, the defendant intends to stipulate, pursuant to 18 U.S.C. § 922(g)(1), he was a convicted felon, and that the firearm was transported through the channels of interstate commerce. Hence, to sustain a conviction, the Government's burden is limited to proving the "knowing possession" element.

9. "Knowing possession of a firearm" may be proven through either actual or constructive possession." *United States v. Liranzo*, 385 F.3d 66, 69 (1st Cir.2004). Actual possession is the state of immediate, hands-on physical possession. *United States v. Zavala Maldonado*, 23 F.3d 4, 6 (1st Cir.1994). Constructive possession can be established by proving that the person has the power and intention of exercising dominion and control over the firearm. *United States v. DeCologero*, 530 F.3d 36, 67 (1st Cir.2008). Either form of possession can be proven by way of direct or circumstantial evidence. *United States v. Rodríguez*, 457 F.3d 109, 119 (1st Cir.2006); see also *United States v. Guzman-Montanez*, 756 F.3d 1, 8 (1st Cir. 2014).

10. The discovery indicates there is no direct evidence Donovan was in actual possession of the firearm. It would appear from the above referenced discovery that Kelley Finnigan would testify that the firearm was her property.

11. Accordingly, this key witness, Kelley Finnigan, has material and exculpatory information that would assist the defendant at trial. Her information is not cumulative or obtainable from another source. Kelley Finnigan indicated she is the owner of the firearm and will be able to state

whether or not Donovan had the requisite power and intention of exercising dominion and control over the firearm.

12. The prosecutor or this Court can grant immunity for Kelley Finnigan. "The power and discretion to immunize witnesses lies primarily with the prosecution." *United States v. Berroa*, 856 F.3d 141, 159 (1st Cir. 2017). "Trial courts have the ability to grant immunity to a witness upon a showing that the government's refusal to provide said immunity violated the defendant's due process rights. See United States v. Angiulo, 897 F.2d 1169, 1190 (1st Cir. 1990)." *Id.* "In order to prevail on such a claim, a defendant must establish that the government intentionally attempted to present a distorted version of the facts at trial. See Curtis v. Duval, 124 F.3d 1, 9 (1st Cir. 1997)." *Id.* "This type of deliberate distortion can occur in two ways: if the government attempts to intimidate or harass a potential witness, or if the prosecutor purposefully withholds use immunity to hide exculpatory evidence from the jury." *United States v. Castro*, 129 F.3d 226, 232 (1st Cir. 1997).

13. Here, the ATF has determined the shotgun was apparently stolen prior to being seized at Donovan's property. But there is no link between the purported theft of the gun and it being seized at Donovan's property (and bears no relevance to Donovan's charged conducted) . Nevertheless, the Government has threatened prosecution of Kelley Finnigan should she testify in this matter, based upon the gun being stolen. But yet, the government has not charged Donovan with any crime related to the theft or possession of a stolen firearm.  Accordingly, the governments threat of prosecution of Finnigan should she testify is clearly an attempt to intimidate this key witness to the defense.  Thus, governmental immunity appears unlikely.

14. The Court has the right, and it would be a protection of due process rights of the defendant for this Court to grant immunity to Kelley Finnigan to compel her to testify at trial for

4

the defendant, Corey Donovan. This witness has evidence that will be exculpatory to the defendant. U.S. v. Castro,129 F.3d 226 (1st Cir. 1997); see also U.S. v. Mackey, 117 F.3d 24 (1stCir. 1997). The First Circuit has held that the Court can order immunity on due process grounds. *United States v. Berroa*, 856 F.3d 141, 159 (1st Cir. 2017)

15. A Memorandum of Law is unnecessary, as the argument are contained herein.

16. The U.S. Attorney's Office does not assent to granting this Motion and will not confer immunity on Kelley Finnigan.

**WHEREFORE**, the defendant Corey Donovan, prays for the following relief:

a.  To grant immunity to Kelley Finnigan to testify at trial for the defendant, Corey Donovan; or

b.  Grant a hearing; and

c.  For whatever other relief the Court deems equitable and just.

Respectfully submitted,
**COREY DONOVAN**

Date: September 30, 2021        by:    /s/ Matthew G. Stachowske
Matthew G. Stachowske (#15609)
Stachowske Law, PLLC
634 Central Ave
Dover, NH 03820
O: 343-1842
C: 770-9045
matthew@stachowskelaw.com

CERTIFICATE OF SERVICE

I, Matthew G. Stachowske, hereby certify that I have mailed a copy of the within motion to Assistant United States Attorneys, Charles Rombeau, and Anna Krasinski, via the court's ECF facilities on today's date and emailed and 1st class mailed a copy to Attorney Donald Kennedy.

/s/ Matthew G. Stachowske