UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA } | |
| } | |
| v. } | 1:21-cr-00088-PB |
| } | |
| COREY DONOVAN } | |

**DEFENDANT'S MOTION TO ADMIT STATEMENT AGAINST INTEREST
PURSUANT TO FEDERAL RULE OF EVIDENCE 804(b)(3)**

Defendant Corey Donovan seeks to admit the hearsay statement of Kelley Finnigan as a statement against interest exception to the hearsay rule and in support states:

1. On March 26, 2021, agents executed a search warrant on the residence of Mr. Donovan and his girlfriend, Kelley Finnigan. The agents seized a shotgun and ammunition which are now the subject of an indictment against Mr. Donovan.

2. The statement against interest Mr. Donovan seeks to admit was made by Kelley Finnigan five days after the search. On March 31, 2021, ATF Special Agent James Martin received a telephone call from Kelley Finnigan. Ms. Finnigan said she wanted to claim an item seized at her property. *See* Defendant's Exhibit P, REPORT OF INVESTIGATION (Investigation No: 762095-21-0046, Report No. 12). Special Agent Martin reported he asked Ms. Finnigan to provide details about the item or items of the seizure. *Id*. Ms. Finnigan asked S/A Martin to hold on. *Id*. After several seconds, Ms. Finnigan said the item was a .20 gauge shotgun. *Id*. Ms. Finnigan also said she may be looking for an Officer John. *Id*. S/A Martin asked if Ms. Finnigan could provide the manufacturer information or any other details. *Id*. Again, Ms. Finnigan paused for several seconds. Id.

Ms. Finnigan then said she would have to look at the paperwork. *Id*. S/A Martin reviewed the caller identification option on the phone and observed that the caller information showed the call came from Kelley Finnigan [telephone number redacted]. *Id*. The duration of the call was 1 minute and 57 seconds. *Id*.

3. In the event the statement is admitted, the parties have agreed to submit the statement by a stipulation of facts consistent with the one-page police report of the call.

## Analysis

4. A statement against interest made by an unavailable declarant is one that:

    (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and

    (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Fed.R.Evid. 804(b)(3). "In sum, three prerequisites must be met to admit a hearsay statement in a criminal case that tends to expose a declarant to criminal liability: (1) an unavailable declarant, (2) a statement against the declarant's penal interest, and (3) sufficient corroborating circumstances that clearly indicate the trustworthiness of the statement. See Fed.R.Evid. 804; United States v. Porter, 881 F.2d 878, 882 (10th Cir.1989)." United States v. Lozado, 776 F.3d 1119, 1122 (10th Cir. 2015)

## I.   Declarant is Unavailable

5. For purposes of this motion, the defendant presumes Kelley Finnigan is unavailable to testify due to invoking her 5th amendment right; in the alternative, she has testified to not remembering

material facts.  To qualify as a statement against interest, a statement must have been made by a declarant considered unavailable as a witness. Fed.R.Evid. 804(a). A declarant is unavailable as a witness if she "is exempted from testifying ... because the court rules that a privilege applies," "refuses to testify," "testifies to not remembering the subject matter," "cannot be present ... because of death or ... illness," or is absent and the statement's proponent cannot procure the declarant's attendance. Id.

## II. Statement is against penal interest

6. The correct legal standard is to examine whether the statement "so far tends to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless she believed it to be true." United States v. Lozado, 776 F.3d 1119, 1122 (10th Cir. 2015), citing Crespin v. State of N.M., 144 F.3d 641, 647 (10th Cir. 1998).

7. 18 U.S.C. § 922(d) makes it unlawful "for any person to knowingly sell or otherwise dispose of any firearm" to someone who falls into any of nine categories, including felons, see § 922(d)(1).

8. At the time of her March 31, 2021 statement, Kelley Finnigan was Mr. Donovan's live-in girlfriend and companion; she was well aware he was a convicted felon. Mr. Donovan had been acquitted of being an earlier felon in possession charge stemming from a June 2019 arrest in Andover, NH.  In that incident, Mr. Donovan was arguably excessively tased by law enforcement. Body cam footage of that incident are available on YouTube.  And while Kelley Finnigan was not Mr. Donovan's then girlfriend, she became the new girlfriend shortly thereafter and the court can reasonably infer the two discussed the incident, including the excessive force video available on YouTube.  For all of these reasons, a

reasonable person in Ms. Finnigan's position would have known his criminal history, that he was unable to legally possess a firearm and that allowing him to have access to the weapon would implicate her in one or more crimes.

### III.   Sufficient corroborating circumstances that clearly indicate the trustworthiness of the statement.

9. The statement against interest exception to the hearsay rule is based on the "commonsense notion that reasonable people, even reasonable people who are not especially honest, tend not to make self-inculpatory statements unless they believe them to be true." United States v. Lozado, 776 F.3d 1119, 1125 (10th Cir. 2015). "Courts accordingly consider the statement in context and the circumstances under which it was made." *Id*. "The rationale for Rule 804(b)(3) calls for awareness the statement is self-inculpatory." *Id.* In the absence of evidence of the declarant's actual knowledge, a court must determine what "a reasonable person in the declarant's position" would know. *Id.* Here, we may have some insight into what the declarant actually knew at the time of the statement. Mr. Donovan believes there exists video footage of a Christmas celebration taken in late January or early February 2021 (delayed as a result of Covid). In the video, Mr. Donovan's minor child, Logan, opens a gift wrapped in the cardboard box in which the shotgun came. Mr. Donovan can be heard stating words to the effect, "No, Logan, you did not get a shotgun because you were not a good boy, Kelley got a shotgun because she was a good girl." We can reasonably conclude Kelley Finnigan took possession of a firearm at that time. Thus, on March 31, 2021, consistent with the video, Kelley Finnigan believed she was the rightful owner of the firearm, seeking its return following the search. These facts amount to sufficient corroborating circumstances that clearly indicate the trustworthiness of the statement.

10. Defendant reserves the right to rebut any objection by the government.

WHEREFORE, the Defendant COREY DONOVAN moves this Court for relief:

A.  Grant this motion to admit the statement against interest; and,

B.  Grant this motion and suppress all evidence derived from the unlawful search of the

defendant's property, including but not limited to, the Jeep Wrangler.

C.  Grant such further relief as is just.

Respectfully submitted,

COREY DONOVAN

Date: October 14, 2021                               by:        /s/ Matthew G. Stachowske
                                                                Matthew G. Stachowske (#15609)
                                                                Stachowske Law, PLLC
                                                                634 Central Ave
                                                                Dover, NH 03820
                                                                O: 343-1842
                                                                C: 770-9045
                                                                matthew@stachowskelaw.com

CERTIFICATE OF SERVICE

I, Matthew G. Stachowske, hereby certify that I have mailed a copy of the within motion to Assistant United States Attorneys, Charles Rombeau, and Anna Krasinski, via the court's ECF facilities on today's date.

/s/ Matthew G. Stachowske
